# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0484, <u>A.K. v. H.Y.</u>, the court on May 31, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal and has determined to resolve the case by way of this order.  See Sup. Ct. R. 20(2).  The defendant, H.Y., appeals a civil stalking final order of protection, see RSA 633:3-a (Supp. 2022), entered against her by the Circuit Court (Christo, J.) for the protection of the plaintiff, A.K.  We read the defendant's brief to argue that the evidence was insufficient to support a finding that she stalked the plaintiff.  We affirm the trial court's order.

The trial court found that the defendant purposely, knowingly, or recklessly engaged in a "course of conduct" targeted at the plaintiff that would cause a reasonable person to fear for his personal safety or the safety of a member of that person's immediate family, and that, in fact, she caused the plaintiff such fear.  See RSA 633:3-a, I(a), II(a).  The order states that the court relied upon the following facts to support its finding:

> All reasons listed in plaintiff's petition have caused plaintiff and his wife to fear for their safety.  Plaintiff's credible testimony established this complete stranger has become obsessed with him, sending cards, packages, interfering with his employment, and threatening him and his wife.

It is the burden of the appealing party, here the defendant, to provide this court with a record sufficient to decide her issues on appeal.  See <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>Sup. Ct. R.</u> 13; <u>see also</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel).

In this case, the defendant has failed to provide this court with a transcript of the hearing.  Absent a transcript, we must assume that the evidence was sufficient to support the trial court's decision.  See <u>Atwood v. Owens</u>, 142 N.H. 396, 396 (1997).

<u>Affirmed</u>.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**